Leroy K. Stout v. Commissioner.
Stout v. Commissioner
Docket No. 62177.
United States Tax Court
T.C. Memo 1958-102; 1958 Tax Ct. Memo LEXIS 128; 17 T.C.M. (CCH) 518; T.C.M. (RIA) 58102; May 29, 1958
Leroy K. Stout, 503 East 4th Street, Bloomsburg, Pa., pro se. Morton A. Smith, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in income tax for the year 1954 against petitioner Leroy K. Stout in the amount of $262.54. The issue presented is whether during the calendar year 1954 petitioner incurred deductible travel and living expenses while away from his home in pursuit of a trade or business. Petitioner filed his individual 1954 income tax return with the director of internal revenue at Scranton, Pennsylvania. In his return he claimed deductible, unreimbursed travel and living expense while in pursuit *129 of his trade or business in the amount of $1,440. The claimed deduction has been disallowed by respondent. The applicable statutory provision is section 162(a)(2) of the Internal Revenue Code of 1954. [1]
[Findings of Fact] The Pennsylvania Power & Light Company has employed petitioner since 1936 with the exception of a period from 1942 to 1945 while he was in the armed services. The nature of his employment is undisclosed by this record. From 1949 to November 1952 his work was at Bloomsburg, Pennsylvania, where he maintains a home in rented premises for himself, his wife and children. In November 1952 petitioner was assigned by his employer to a job headquarters in or near Pottsville, Pennsylvania, which is about 40 miles from Bloomsburg, where his job headquarters *130 had theretofore been situated. The change was not of a temporary nature in that it occurred by reason of a request on the part of an employee with seniority over petitioner whose home also was in Bloomsburg. So far as petitioner could determine from past experience with the policy of his employer, the duration of his assignment to Pottsville was indefinite. As a matter of fact his job headquarters remained there until December of 1954 when he was reassigned to Allentown, Pennsylvania. Upon various occasions during his Pottsville assignment he was sent to other localities on temporary emergency duty, but always returned to Pottsville. During the year at issue he worked there 49 or 50 weeks. After working part of 1955 in Allentown he again returned to Pottsville. Petitioner's place of abode is not designated by his employer, it is a matter of his personal choice. Opinion It seems clear to us on the authority of Allan Cunningham, 22 T.C. 906, that petitioner's home within the meaning of section 162(a)(2) of the 1954 Code was Pottsville, Pennsylvania, and that the incurring of expense in traveling to and from that city to his place of abode in Bloomsburg was a matter *131 of personal choice and not required by the exigencies of his trade or business and is therefore not deductible. In addition to the above, it is noteworthy that the petitioner has not favored us with any proof relative to the expenditures he here seeks to deduct and we are therefore unable to determine that all or any part thereof have been expended. Petitioner also has failed to advise us of the nature of his employment except that he was subject to reassignment at any time to a new and different job headquarters. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩